L. M. WEBB *et al* v. THE LINCOLN FINANCE COMPANY *et al.*

(No. 6878)

Submitted May 17, 1932. Decided May 24, 1932.

*Carl. C. Sanders* and *Clarence W. Meadows,* for appellants.
*Ben H. Ashworth, David D. Ashworth,* and *David G. Lilly, Jr.,* for appelees.

LITZ, JUDGE:

This is an appeal from an order dissolving a temporary injunction upon the bill and answer in the cause and affidavits in support of the pleadings.

The bill alleges that on April 16, 1924, plaintiff, L. M. Webb, borrowed from defendant, Lincoln Finance Company, a corporation, $5,972.50 for which he and his wife, as joint makers, executed 120 negotiable promissory notes payable monthly to the order of said defendant for $88.50 each, secured by a deed of trust executed jointly by himself and wife on valuable real estate owned by him in the town of Mabscott, Raleigh County; that on August 8, 1924, Webb obtained a loan of $3,980.00 from the Lincoln Finance Company for which he and his wife, as joint makers, executed 120 negotiable promissory notes, payable monthly to the order of said company, for $59.00 each, secured by deed of trust executed by himself and wife on the same real estate; that thereafter Lincoln Finance Company transferred and assigned all of said notes to Lincoln Bond & Mortgage Company, a corporation, which in turn transferred and assigned the same to Standard Bond & Mortgage Company, a corporation; that both Lincoln Bond & Mortgage Company and Standard Bond & Mortgage took the notes with knowledge of their usurious character; that Webb has paid 59 of the first series and 55 of the second series of notes. The bill prays, *inter alia,* that the notes be purged of usury; that defendants, Lincoln Finance Company, Lincoln Bond & Mortgage Company, Standard Bond & Mortgage Company, and G. C. Hedrick and J. R. Markum, trustees in the trust deeds, be enjoined from selling the property to satisfy the notes until further order of the court; and for general relief.

Defendants, in their joint and several answer, to the bill, deny the charges of usury and aver that L. M. Webb was declared a bankrupt in the United States District Court for

the Southern District of West Virginia upon his petition filed May 27, 1929, setting forth in his schedules of indebtedness the aggregate of the remaining unpaid notes as a debt due and owing by him to Lincoln Bond & Mortgage Company; that by order of said court entered on the 19th of November, 1929, he was legally discharged in bankruptcy; and that the referee in bankruptcy, by order entered in said bankruptcy proceeding April 19, 1930, released the real estate covered by the trust deeds as an asset of the bankrupt estate. In a subsequent proceeding, prosecuted in the name of a common creditor of the bankrupt, to reopen the bankruptcy case, set aside the order of the referee, and administer the property for the benefit of the creditors, it was held; on appeal from the District Court, that the equity of redemption therein now belongs to Webb. *Webb* v. *Raleigh Hardware Co.*, 54 F. (2d) 1065.

Defendants contend that the order complained of was proper because the bill did not set up a case for discovery, and that the answer denied all of its material allegations. This contention is without merit. Under chapter 96, section 7, Code 1923 (47-6-8, Code 1931), the sale of property conveyed to secure the payment of a usurious debt may be enjoined pending a suit to purge the usury.

The decree of the circuit court is therefore reversed and the cause remanded.     *Reversed and remanded.*